UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**HERMAN L. DIXON,**

Plaintiff,

-against-

**RONALD O. CARLSON,** an individual,
**DONALD P. CARLSON,** an individual and CEO of
D&R Carlson Investment LLC, a corporation,
**DONALD LESTER,** Circuit Court Judge, and
**TARA S. GREEN,** Clerk of the Court for Clay County,

Defendants.

Case No. 3:15-cv-257-J-39JBT

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

There is no other civil action between these parties arising out of the same transaction or occurance as alleged in this complaint, pending in this Court, nor, has any action been previously filed, transferred or dismissed after having been assigned to a judge.

## CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

This is a civil rights action brought, pro se, by Herman L. Dixon, alleging violations of his Federal Constitutional and Statutory Rights and seeking monetary damages, declaratory judgment, and prospective injunctive relief.

**JURY DEMAND: PLAINTIFF DEMAND A SPEED TRIAL BY JURY.**

This is a civil rights action brought pro se, by Herman L. Dixon, on behalf of himself for compensatory damages in excess of $10,000.00, punitive damages, and equitable relief and is brought under Title **28 U.S.C. sec: 1331-1367;** and Title **42 U.S.C. sec: 1983-2008 et seq.**, which guarantee the enjoyment and enforcement of Plaintiff's First - Fourteenth Amendment

Rights as afforded by the United States Constitution. Venue is proper in the United States District Court for the Middle District of Florida to deal with question of Federal Law and to fashion a remedy for violations thereof.

### JURISDICTION

1. This Court's jurisdiction is invoked under **Art. III, Sec. 2; and Title 28 U.S.C. sec.(s):1331, 1332, 1343, 1367; and Title 42 U.S.C. sec. 1983, 1985, 1997, 2008 et seq.**

2. The Court has supplemental jurisdiction over plaintiffs state tort claim under **28 U.S.C. sec(s). 1332-1367.**

### PARTIES

3. Plaintiff, Herman L. Dixon, at all times relevant herein, has been a citizen of the United States, and a resident of the city of Orange Park, County of Clay state of Florida, at present homeless in the city of Orange Park, Fl, mailing address P.O. Box 1852, Orange Park, Fl 32067.

4. Defendant, Ronald O. Carlson, (herein after defendant R. Carlson) at all times relevant herein, is employed by D&R Carlson Investment LLC and is resident of the state of Ohio, residing at 2768 Candance CT, UnionTown, OH 44685, and is personally involved in violating plaintiff's federal statutory and constitutional rights and the resulting injuries and he is sued individually and jointly in his individual capacity for compensatory and punitive damages and in his official capacity for prospective injunctive, declaratory and equitable relief.

5. Defendant, Donald P. Carlson, (herein after defendant D. Carlson) at all times relevant herein, is employed by D&R Carlson Investment LLC, and is a resident of the state of Ohio, residing at 746 Stoner Rd, Clinton, OH 44216, and is personally involved in violating plaintiff's federal statutory and constitutional rights and the resulting injuries and he is sued individually and jointly in his individual capacity for compensitory and punitive damages and

in his official capacity for prospective injunctive, declaratory and equitable relief.

6. Defendant, D&R Carlson Investment LLC, (herein after defendant Carlson Investment), at all times relevant herein, is an investment company, licensed to do business in the United States at P.O. Box 575, Green, OH 44232-0557(330)882-3886, and is personally involved in violating plaintiff's federal statutory and constitutional rights and the resulting injuries and is sued individually and jointly in its individual capacity for compensatory and punitive damages, and in its official capacity for prospective injunctive, declaratory and equitable relief.

7. Defendant, **Donald H. Lester,** (herein after defendant Lester), at all times relevant herein, is a Circuit Court Judge, employed by the state of Florida, doing business at 825 N Orange AveGreen Cove Springs, Fl 32043, and is personally involved in violating plaintiff's federal statutory and constitutional rights and the resulting injuries and he is sued individually and jointly in his individual capacity for compensatory and punitive damages, and in his official capacity for prospective injunctive, declaratory and equitable relief.

8. Defendant, **Tara S. Green,** (herein after defendant Green) at all times relevant herein, is the Circuit Court Clerk, employed by the County of Clay, doing business at 825 N Orange AveGreen Cove Springs, Fl 32043, and is personally involved in violating plaintiff's federal statutory and constitutional rights and the resulting injuries and, is sued individually and jointly in her individual capacity for compensatory and punitive damages, and in her official capacity for prospective injunctive, declaratory and equitable relief.

9. Defendant(s) 4 thru 6, have acted, and continued to act in violation of federal statutory and constitutional regulations at all times relevant to this complaint.

10. Defendant(s) 7 and 9 have acted, and continued to act, under color of law at all times relevant to this complaint.

*Facts:*

11. On or about on January 10, 2009, plaintiff entered into a residential equity position agreement with defendant R. Carlson. **(see Exh. "1"; attached hereto).**

12. Plaintiff was to reside on property located at 1402 Miller Street, in the city of Orange Park, Fl, county of Clay, rent and utility free and was to make repairs and protect and secure property. Property was blackmold and termite invested and in serious need of repair.

13. On or about April 21, 2009, property was cited for code violation because proper permits had not been secured and property was in serious condition of decay, **(see Exh. "3"; notice of code violation; attached hereto).**

14. On April 22, 2009, property was deemed unsafe and subject to condemnation proceedings, **(see Exh. "4"; attached hereto).**

15. Defendant, R. Carlson, and Hill Robertson, owner of 25% of property located at 1402 Miller Street, Orange Park, Fl, County of Clay, decided not to invest more monies in property because, $68,166.26, allegedly had already been invested in property and property wasn't worth it, **(see Exh(s) "6" and "7"; attached hereto; Quit Claim Deed and ; Warranty Deed made November 1, 2008 and executed July 20, 2009)**.Defendant(s) were looking for a quick fix, quick sale.

16. Defendant R. Carlson, and or his agent, devised a scheme to deprive plaintiff of his equitable interest in property located at 1402 Miller Street, in the City of Orange Park, Fl., by forging plaintiff's signature on a residential sale and purchase contract, on April 22, 2010, while property was still in condemnation status. Bogus contract stated that plaintiff was purchasing property as is for $90,000.00, **(see Exh. "36"; attached hereto). Bogus** residential sales and purchase contract is under investigation by Orange Park Police Dept. and Ohio, authorities, **(see exh. "8"; attached hereto; incident/investigation report # 2015-**

4

001185, dated June 17, 2015).

17. Defendant R. Carlson, allegedly made arraignments to to finance a interest only, **predatory loan,** for plaintiff to pay for mortgage on a undetermined amount, for an undetermined time, to defendant D. Carlson and defendant Carlson Investment, **(see exh, 9; payment coupon for $461.92)** payable to defendant(s) for an alleged mortgage that is recorded no where in the United States .

18. Plaintiff recognized **bogus contract** as possible foreclosure **scam** and paid none of the monies involved in transaction.

19. On or about July 7, 2013, defendant R. Carlson, the deed holder to said property, filed a verified complaint for foreclosure, based on forged bogus residential and purchase contract allegedly signed by plaintiff on April 22, 2010. Mortgage on said property was held by Huntington Bank of Ohio, Huntington Bank is not a party to this complaint, **(see exh. "10"; attached hereto; warranty deed dated August 27, 2002 for the sum of $10,00 dollars to defendant R. Carlson).**

20. Defendant(s) collection agent filed a complaint for foreclosure on the frivolous mortgage and predatory loan which was predicated on the forged residential sales and purchase contract and on or about September 4, 2013, a motion for order to show cause for entry of final judgment was filed with defendant Green and assigned to defendant Lester.

21. Plaintiff filed an unverified response in opposition to motion for order to show cause for entry of final judgment.

22. An informal hearing was conducted in defendant Lester's courtroom on November 13, 2013, and plaintiff was not allowed to speak because he had filed an unverified response. Defendant Lester entered order of final judgment of foreclosure, notice of sale and monetary

judgment for over **$101,000.00, (see Exh. "5"; attached hereto).**

23. Defendant Lester stated at show cause hearing that unverified response could possibly be cured on motion for new trial/rehearing.

24. Plaintiff filed a timely emergency motion for new trial/rehearing on November 22, 2013, with defendant Green. Said motion laid dormant in defendant Green's office until on or about January 6, 2014, when it was rubberstamped **denied** after foreclosure sale. Defendant Lester had been removed from cause and emergency motion was allegedly seen by unknown judge.

25. At no time during the foreclosure proceeding was plaintiff allowed to access the court and pleadings and objections filed with defendant Green were and is treated as exparte hearings.

26. On or about March 18, 2015, in the a:m, plaintiff was trapped in the front bedroom of the property located at 1402 Miller Street, in the city of Orange Park, Fl, Clay County by officers of the Clay County Sheriff's Dept. and the Orange Park Police Dept. and denied his right to secure property that was located in the back bedroom, **(see exh. "11"; amended writ of poss, posted March 16, 2015)**.

27. On order of defendant Green, Plaintiff was forcefully evicted from the premises in less than 24 hours, not allowed to secure his property, escorted out the front door, off of the property and told not to return; under threat of incarceration.

28. Property was turned over to defendant(s) collection agent(s) and Daniel Copeland and NuView Realty.

29. Police officers left and Plaintiff was allowed to go to Uhaul office to rent truck to avoid plaintiff's property being set on street with understanding that defendant((s) agent(s) would remove all of plaintiffs' property from premises and place in truck.

30. Plaintiff was not allowed to assist or supervise removal of his property from inside of house and during forceful eviction defendant(s) agent(s) stole valueable items of plaintiffs' personal property which includes but is not limited to over 1000 sports memorabilia cards (baseball, basketball, hockey, football, olympics; etc), stamp collection, old comic books, 78 rpm records, chess set and other personal items,(**see exh, "12"; incident/investigation report #2015-000526**), .

31. Defendnat(s) agent(s) were to remove all of plainttffs' property and retain none of plaintiffs'personal property for personal use which included lawnmowers, airconditioners, cabinets, sinks, building material and other property that should still be located at property in question.

*Statement of claim*:

32. Paragraphs 11-31 states that defendants R. Carlson, defendant D. Carlson and Carlson Investment violated plaintiff's constitutional rights as afforded by the United States Constitution, by working in consort to deprived plaintiff of property and equitable rights by presenting false, erroneous,mischaracterized and misrepresented facts to the court.

33. Defendant(s) R. Carlson, D. Carlson and Carlson Investment forged plaintiff's name on a bogus contract, tried to subject plaintiff to a predatory loan, stole and still retain valueable property and possessions that belong to plaintiff and has had forcibly evicted and made homeless through unlawful means.

*Abuse of authority:*

34. Paragraphs 20-27 states that defendant(s) Green and defendant Lester showed deliberate indifference in violating plaintiff's constitutional rights by not allowing plaintiff access to the courts to address infringement on plaintiff's attempt not to fall victim to foreclosure scam

and predatory loan.

35. Defendant(s) Green and Lester are public officials and as such took an oath to uphold the United States Const and afforded every citizen with due process and equal protection under the law. If plaintiff would have been allowed access to state court state should have clearly seen that defendant(s) were only interested in $8,000.00 tax credit, **(see exh. "13"; email from defendant R. Carlson dated September 14, 2010**); concerning forged residential sales and purchase contract.

*Denial of Due process:*

36. Paragraphs 11-27 states that defendants Green and Lester acting under the color of state law, ceased to function in their official capacity when they denied plaintiff Due Process of law and equal protection of the law as afforded by the United States Constitutional Amendments 1-15.

37. Defendant Green failed to get plaintiff's pleadings before the court in a timely manner and issued orders predicated on forged documents, causing plaintiff injury by having his property

stolen, and joining the ranks of the homeless without due process of law.

## RELIEF SOUGHT

**WHEREFORE** all of the foregoing reasons plaintiff respectfully **pray** this Honorable Court grant the following relief.

A. Issue a declaratory judgment stating that:

   1. The false, erroneous, mischaracterized, misrepresented and fraudulent statements presented to the court by defendant(s) R. Carlson, D. Carlson and Carlson Investment to deprive plaintiff of property and equitable rights, violate plaintiff's rights under the First - Fifteenth Amendments to the United states Const. and constitute a foreclosure scam and predatory loan based on a **bogus** contract under state and federal law.

   2. Defendants Green and defendant Lester, failure to allow plaintiff gainful access to the court to address the forged documents and fradulent allegations violated plaintiff's First - Fourteenth Due process clause and constitute deliberate indifference.

B. Issue an injunction ordering defendant(s) R. Carlson, D. Carlson and Carlson Investment to:

   1. Enjoining said defendants from any further acts to injure, harm, displace or cause plaintiff to suffer mental of physical anquish as a result of foreclosure fraud and predatory loan and to secure and release all off plaintiff's valueable property that was and still in defendant(s) controll.

C. Issue an injunction ordering defendants Green and Lester to:

   1. Cease and desist from denying plaintiff his constitutional right to access of the court and to deny entry of any further orders unless plaintiff is allowed to be present at hearings.

D. Award compensatory damages in the amounts :

9

1. $1,000,000.00, jointly against defendant(s) R. Carlson, D.Carlson and Carlson Investment.

2. $202,000.000 jointly and severally against defendants Green and Lester.

E. Award punitive damages in the amounts:

1. $20,000.00 against each defendant.

F. Award such other relief as it appears that plaintiff is entitled to.

**Respectfully submitted,**

Herman L. Dixon
P.O. Box 1852
Orange Park, Fl 32067
(313)433-0334
<u>readymix47@yahoo.com</u>

**I DECLARE UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**Signed this ~~Monday~~, July 1, 2015.**

## VERIFICATION

**I DECLARE UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: **July 1, 2015**

**EXHIBITS**